SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**ANDREW KARTCHNER, OSB #135784**
Assistant United States Attorney
Andrew.Kartchner@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:26-mj-00100** |
| **v.** | **UNITED STATES' MOTION TO REVOKE RELEASE ORDER** |
| **PABLO VILLASENOR-OCHOA,** | |
| **Defendant.** | |

## I.     BACKGROUND

Defendant Pablo Villasenor-Ochoa is not authorized to possess a firearm in the United

States. He is also a methamphetamine user. Adult Victim (AV), Defendant's partner or former

partner, told Defendant that she was going to leave him because of his drug use. As a result, on

or about December 21, 2025, when Defendant and AV were driving to look at a vehicle to

purchase, Defendant took a detour up a forest road, pulled out a handgun, loaded it, and told AV

that he was going to kill her and then himself. Defendant admitted these facts a few days later to

the police, who found a firearm in the vehicle being driven by Defendant. Defendant was

charged with Menacing, Unlawful Use of a Weapon, and Identity Theft in the Circuit Court for Tillamook County. Defendant was charged in the District of Oregon by Complaint with a violation of 18 U.S.C. § 922(g)(5), Alien in Possession of a Firearm on April 20, 2026.

Defendant's initial appearance before the Magistrate Court was on May 4, 2026. Pretrial Services was unable to interview the Defendant and recommended detention. Defendant did not request release and remained in detention. ECF 6.

Upon Defendant's request, a detention hearing was held on May 11, 2026. At the conclusion of that hearing, the Magistrate Judge held that the Government had not met its burden to prove risk of nonappearance or a danger to the community. The Government now seeks review of that holding.

## II.    APPLICABLE LAW

### A. Eligibility for Detention Hearing

"Detention hearings are authorized only if the defendant (i) is charged with one of five categories of serious crimes—crimes that, if the defendant were to recidivate while on pretrial release, pose the greatest risk to community safety; or (ii) presents a serious risk of flight, or a serious risk of obstruction or intimidation—acts that present the greatest risk to the integrity of the judicial process." *United States v. Figueroa-Alvarez*, 681 F. Supp. 3d 1131, 1135 (D. Idaho 2023).

The Act divides cases between those that meet any of the § 3142(f) prerequisites for a hearing and those that don't.  Detention is possible in the former after a hearing is held.  It is not in the latter, even if the defendant is an unmitigable danger to the community.  *United States v. Twine*, 344 F.3d 987, 987 (9th Cir. 2003); *see also United States v. Ploof*, 851 F.2d 7 (1st Cir.

**United States' Motion to Revoke Release Order**                              **Page 2 of 6**

1988), *United States v. Himler*, 797 F.2d 156 (3rd Cir. 1986), *United States v. Byrd*, 969 F.2d 106 (5th Cir. 1992).[1]

### B. Flight and Danger

Once the court finds that one of the § 3142(f)(1) or (f)(2) prerequisites is met and a hearing is authorized, then it considers whether the defendant presents a risk of flight or a danger to any person or the community.  18 U.S.C. § 3142(e).  It is the government's burden to persuade the Court that no conditions can adequately mitigate a risk of flight or danger, but either risk can form the basis of a detention order.[2]

The Supreme Court confirmed early on in the Bail Reform Act's history that a court may detain a defendant based on community danger alone.  *United States v. Salerno*, 481 U.S. 739, 742 (1987).  *Salerno* held that a community safety-based detention order does not offend due process.  *Id.* at 742-52.  And Congress passed the Bail Reform Act, in part, to address "the alarming problem of crimes committed by persons on release." *Id.* at 481; *see also United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985) (to justify pretrial detention, the government must show "*either* that there is a risk of flight *or* no assurance that release is consistent with the safety of another person or the community") (emphasis added).

The government bears the burden of establishing danger to the community by clear and convincing evidence; risk of flight need only be proved by a preponderance of the evidence. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990); *United States v. Winsor*, 785 F.2d

---

[1] If a defendant is a serious flight risk, then the case qualifies for a hearing under § 3142(f)(2), even if it does not under § 3142(f)(1).

[2] The government carries different burdens of proof for the separate showings.  *See Motamedi*, 767 F.2d at 1406-07 (the government must prove danger by clear and convincing evidence and flight risk by a preponderance); *see also* 18 U.S.C. § 3142(e) (creating presumption that no conditions will adequately mitigate risk is certain types of cases).

**United States' Motion to Revoke Release Order**                                    **Page 3 of 6**

755, 757 (9th Cir. 1986).  The Federal Rules of Evidence do not apply in pretrial detention proceedings.  Fed. R. Evid. 1101(d)(3); 18 U.S.C. § 3142(f).  Accordingly, both the government and the defense may present evidence by proffer or hearsay.  *Winsor*, 785 F.2d at 756.  *See also United States v. Bibbs*, 488 F. Supp. 2d 925, 925-26 (N.D. Cal. 2007).

### C. Review of a Release Order

A *de novo* standard of review, not a deferential standard, is applied to a district court's review of a magistrate's bail order. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). The court in *Koenig* made clear that the district court's review is independent, that the district court may consider new evidence not presented to the magistrate judge, and that it may also hold an evidentiary hearing:

> [In reviewing a magistrate judge's bail order, the district court] should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference. If the performance of that function makes it necessary or desirable for the district judge to hold additional evidentiary hearings, it may do so, and its power to do so is not limited to occasions when evidence is offered that was not presented to the magistrate.

*Id*. at 1193.

Relevant factors for consideration include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a minor victim; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, history relating to drug or alcohol abuse, and supervision status at the time of the current offense; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).

/ / /

III.    ARGUMENT

### A. Nature and Circumstances of the Offense

Defendant took his partner, the mother of his three minor children, up a forest road, loaded a gun, and told her that he was going to kill her and then himself. He admitted these facts and the firearm he illegally possessed was found in his vehicle. The deadly combination of drugs, threats, and the illegal possession of a firearm weigh in favor of detention here.

### B. Weight of the Evidence

The weight of the evidence against Defendant is significant. He confessed and the firearm was found in his vehicle. The weight of the evidence weighs in favor of detention.

### C. Defendant's History and Characteristics

Although Defendant has no known criminal conviction history, Tillamook County advised that a violation for failure to check in is forthcoming. Defendant does not have legal status in the United States and admitted to purchasing a fraudulent resident card and social security card in order to work.

### D. Nature and Seriousness of the Danger Posed

As explained above, Defendant's very actions on December 21 illustrate his danger to the community. Whether it was because of drug use or just a lack of judgment, the threats Defendant made with a firearm he illegally possessed render him a danger to his family and the broader community.

Although AV has successfully petitioned the state court to lift the no-contact order, the state Menacing/Unlawful Use of a Weapon/Identity Theft case remain pending. The Magistrate Court here noted that the victim in the underlying menacing case was in court and was asking that Defendant be released, acknowledging that consideration of the victim's position in the Court's assessment of danger. While a victim's request for release may be relevant, it should not

**United States' Motion to Revoke Release Order**                                    **Page 5 of 6**

be controlling. Courts have recognized the complexity of domestic violence and commented on the admissibility of expert testimony related to the cycle of violence. *See Lopez-Umanzor v. Gonzales*, 405 F.3d 1049, 1057 (9th Cir. 2005) ("[L]ay understandings of domestic violence are frequently comprised of 'myths, misconceptions, and victim blaming attitudes.'" (quoting *Hernandez v. Ashcroft*, 345 F.3d 824, 836 (9th Cir. 2003)); *United States v. Graybael*, No. 23-3937, 2025 WL 618613 (9th Cir. 2003 February 26, 2025) (holding the expert testimony was relevant because "it helped the jury understand the dynamics of domestic violence and provided the jury with an explanation for the victim's self-blame, praise and continued affection for [the defendant], and the victim's general reluctance to meet with police and testify against [the defendant].")

Regardless of AV's position on release, the defendant's ability to acquire a firearm and ammunition, isolate AV, and then threaten to take her life demonstrates a significant danger.

## IV.   CONCLUSION

Based on the nature of the offense and the specific facts of this case, there is no combination of conditions that can reasonably assure community safety.  The government respectfully requests that the Court order that Pablo Villasenor-Ochoa remain in custody pending trial.

Dated: May 12, 2026,                                 Respectfully submitted,

                                                     SCOTT E. BRADFORD
                                                     United States Attorney

                                                     /s/ Andrew Kartchner
                                                     ANDREW KARTCHNER
                                                     Assistant United States Attorney

**United States' Motion to Revoke Release Order**                      **Page 6 of 6**